**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Ray Coleman (#2016-0711157), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 10128 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| The State, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $44.03 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. Summonses, however, shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as time-barred. Failure to show good cause in writing by December 21, 2016 will result in dismissal of this action under 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted. The Court defers ruling on Plaintiff's motion for attorney representation [4].

## STATEMENT

Plaintiff Ray Coleman, an inmate at Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against "The State," "Chicago Police," and the "City of Chicago." In this lawsuit, Plaintiff alleges false arrest, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $44.03 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

The complaint, however, cannot proceed at this time. Where a *pro se* prisoner files a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is required to conduct an initial review of the complaint to determine whether the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

According to the complaint, Plaintiff was charged with first degree murder and subsequently found not guilty. Plaintiff alleges that he "sat in the penitentiary for 18 months and Cook County for 15 months[.]" Plaintiff claims that the state maliciously prosecuted him and "made [him] out to be a murderer." He claims that he was charged and "made to sit for a case they knew they couldn't convict [him] of." He states that he suffered defamation of character and also indicates that he was put on the news and in the newspapers. He claims that "the case happen[ed] September 2, 2013." He indicates that he was "picked up September 6, 2013" and remained in custody until May 5, 2016. He states that he is experiencing depression and emotional distress "because people [are] trying to hurt [him] over the guy and [he] never even knew the guy."

Plaintiff's allegations indicate the following claims: false arrest, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. However, Plaintiff's federal claims for false arrest and false imprisonment appear untimely. Plaintiff is therefore ordered to show good cause in writing why his complaint should not be dismissed as time-barred. The statute of limitations for an action under 42 U.S.C. § 1983 filed in Illinois is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Federal claims for false arrest and false imprisonment accrue no later than the date on which the allegedly false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007). A false imprisonment ends when a person becomes held pursuant to legal process—for example, when "he is bound over by a magistrate or arraigned on charges"—not upon his release from custody. *Id.* Although Plaintiff's complaint is not a model of clarity, it appears that he was arrested on or about September 6, 2013 (he states that he was "picked up" on this date [*see* 1 at 5]). Presumably, he was arraigned sometime shortly thereafter. Plaintiff had two years from that date to file a lawsuit concerning his allegedly false arrest and imprisonment, but he did not file his complaint in this action until October 2016 (more than one year and one month after the statute of limitations expired). Consequently, Plaintiff's federal claims for false arrest and false imprisonment appear to be barred by the statute of limitations.

Plaintiff's remaining claims (malicious prosecution, defamation, and intentional infliction of emotional distress) are state-law claims that, by themselves, do not support a federal suit. *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010) (defamation, even if by a state actor, is a state-law claim): *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605 (7th Cir. 2006) (there is no federal claim of intentional infliction of emotional distress, which is a state-law claim); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) (there is no federal malicious prosecution claim "unless the state courts refuse to" provide a remedy, which Illinois provides); *see also Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) ("[A]llegations that sound in malicious prosecution must be brought pursuant to state law."). Jurisdiction exists for these claims only if Plaintiff joins them with a timely federal claim.

Accordingly, Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as time-barred. Failure to show good cause by the above-stated date will result in dismissal of this action under 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

Date: 11/30/16 /s/John Z. Lee