**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Ray Coleman (#2016-0711157),<br><br>Plaintiff,<br><br>v.<br><br>The State, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 16 C 10128<br><br>Judge John Z. Lee |

## ORDER

Plaintiff's complaint (Dkt. 1) is dismissed for failure to state a claim. This dismissal counts as a dismissal under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g). This case is closed on the Court's docket. All pending motions are terminated as moot.

## STATEMENT

Plaintiff Ray Coleman, an inmate at Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. ECF No. 1. On November 30, 2016, the Court ordered Plaintiff to show good cause in writing why this case (which was filed in October 2016) should not be dismissed as time-barred. The Court explained that the statute of limitations for an action under section 1983 filed in Illinois is two years and that, given Plaintiff's arrest on September 6, 2013, it appeared that Plaintiff's federal claims for false arrest and false imprisonment are not timely. ECF No. 5. Before the Court is Plaintiff's response to the rule to show cause. ECF No. 6.

In his response, Plaintiff does not dispute that his lawsuit was filed after the statute of limitations expired; rather, he asks that the Court permit him to proceed because he believed that he had to wait to bring this lawsuit until after he was found not guilty of the underlying criminal charges. *Id.* He also indicates that he is "not familiar with the law" and that he was in jail for the two years that he had to file this lawsuit. *Id.* He explains that during that time in jail, he suffered "stress pain and suffering[,]" lost his grandparents, and experienced worry over his kids becoming homeless. *Id.* He also states that "[t]here was no memo up on the direction of filing a lawsuit so [he] had no guid[a]nce or instruction on going about [his] lawsuit[.]" *Id.* In essence, Plaintiff requests that his failure to timely file this lawsuit be excused on equitable grounds.

Equitable tolling permits a plaintiff to avoid the statute of limitations bar if, despite the exercise of all due diligence, he was unable to file his claim in a timely fashion. *Shropshear v.*

*Corp. Counsel of the City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Lee v. Cook Cty.*, 635 F.3d 969, 972 (7th Cir. 2011) (internal quotation marks omitted).

Plaintiff failed to establish either that he had pursued his rights diligently or that extraordinary circumstances stood in his way. The Seventh Circuit has routinely held that ignorance of the law does not justify equitable tolling. *See, e.g., Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (explaining that "reasonable mistakes of law are not a basis for equitable tolling" even if the plaintiff is pro se). Relatedly, courts have denied equitable tolling when inmates allege that they lacked access to legal resources. *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006); *see also Heilman v. Hardy*, 849 F. Supp. 2d 796, 801 (C.D. Ill. 2010) (declining to find that "limited access to legal research materials" warranted equitable tolling). Moreover, Illinois law does not toll the statute of limitations for prisoners. *Bryant v. City of Chi.*, 746 F.3d 239, 242 (7th Cir. 2014) (citing *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992)). Consequently, Plaintiff's reasons for failing to timely file this lawsuit are insufficient to warrant tolling the limitations period. Therefore, Plaintiff's federal claims for false arrest and imprisonment are time-barred.

Accordingly, the Court dismisses Plaintiff's complaint for failure to state a claim. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (explaining that dismissal for failure to state a claim may be appropriate where plaintiff pleads facts establishing that his claims are time-barred). Plaintiff's federal claims are dismissed with prejudice; any state law claims are dismissed without prejudice. This case is terminated.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time

and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 2/7/17 /s/ John Z. Lee