**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Ray Coleman (#2016-0711157), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 10128 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| The State, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff's motion for reconsideration (Dkt. 12) is denied. This case remains closed.

# STATEMENT

This matter is before the Court on Plaintiff's motion for reconsideration, ECF No. 12. On October 27, 2016, Plaintiff brought a *pro se* civil rights suit in this Court alleging false arrest, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. ECF No. 1. On February 7, 2017, the Court dismissed Plaintiff's case for failure to state a claim. ECF No. 10. Plaintiff now moves this Court to reconsider its dismissal order. ECF No. 12. For the reasons stated below, Plaintiff's motion for reconsideration is denied.

Plaintiff has captioned the instant motion as one arising "under Federal Rule of Civil Procedure 59(e) or 60(b) to reconsider" (Dkt. 12). A motion filed under Rule 59(e) is one to alter or amend a judgment. Fed. R. Civ. P. 59(e). "A motion to alter or amend a judgment under Rule 59(e) may be granted to correct a manifest error of law or fact." *Duran v. Town of Cicero*, 653 F.3d 632, 642 (7th Cir. 2011) (citing *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)). On the other hand, Rule 60(b) permits the Court to relieve a party from an order or judgment based on six enumerated grounds.[1] Fed. R. Civ. P. 60(b). Motions for reconsideration are not properly used for rehashing arguments previously presented to the Court, *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005), or for advancing arguments or theories that should have or could have been made before the Court rendered judgment. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

---

[1] These grounds are: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; the judgment is based on an earlier judgment that has been reversed or vacated; or applying the judgment prospectively is no longer equitable; or 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

Here, Plaintiff fails to offer any basis under Rule 59(e) or 60(b) for which this Court could grant him the relief he seeks. He does not contend that the Court committed a manifest error of law or fact in deciding to dismiss his complaint. Similarly, he does not argue that the Court should reconsider its decision based on any of the enumerated grounds under Rule 60(b). Rather, he simply asks that the Court consider his complaint under principles of equity, despite its untimeliness. ECF No. 12, at 2.

Plaintiff's motion for reconsideration merely rehashes arguments previously raised in his response to the Court's November 30, 2016 show cause order, arguments that the Court rejected. While Plaintiff has slightly rephrased or altered his reasons for failing to timely file his complaint in the instant motion, the arguments are the same as those presented in his response to the show cause order. ECF No. 6. Plaintiff iterates that: (1) he is ignorant of the law, (2) he held a mistaken belief about the appropriate time to file this lawsuit, (3) he was incarcerated during the two year statute of limitations period, and (4) he lacked legal guidance at the jail. ECF No. 12. In its February 7, 2017 Order, however, the Court considered each of these reasons, as well as others, and determined that they were insufficient as a matter of law to warrant tolling of the statute of limitations. ECF No. 10, at 2. For this reason, the Court determined Plaintiff's federal claims for false arrest and imprisonment were time-barred, and that dismissal of the complaint was therefore warranted. *Id.* The Court finds no reason to disturb this finding.

Accordingly, Plaintiff's motion for reconsideration is denied. If Plaintiff wishes to appeal this Order or the Court's February 7, 2017 Order, he must file a notice of appeal with this Court within thirty days of the entry of this order.[2] *See* Fed. R. App. P. 4(a)(1). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Date: 4/12/17 /s/ John Z. Lee

---

[2] If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). *Id.* If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.*